IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BROUGHTON HOWARD,
    Petitioner,

vs.                                                    Case No. 3:10cv524/LC/MD

EDWIN G. BUSS,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1) and respondent's motion to dismiss as impermissibly successive (doc. 8). For the reasons that follow, the undersigned concludes that respondent's motion should be granted and this action dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is challenging his 2003 conviction and sentence of life imprisonment for capital sexual battery entered in the Circuit Court of Escambia County, Florida. (Doc. 1). Petitioner raises two claims. First, he asserts that the court denied his rights to due process and a fair trial in accordance with the Sixth and Fourteenth Amendments to the United States Constitution when the State did not prove his guilt because "exculpatory D.N.A. evidence was tested and deliberately withheld at trial." (Doc. 1, p. 3). Second, he argues he was denied the aforementioned constitutional rights because the Florida Statute proscribing capital sexual battery "unconstitutionally add[s] 'By union with'. . .,denying Petitioner constitutional protections against false accusers." (Doc. 1, p. 4). Petitioner admits

on the petition form that he previously filed a § 2254 petition in federal court. (Doc. 1, p. 3). His first petition, filed in 2007, also challenged the 2003 conviction. (*See Howard v. McNeil*, case no. 3:07cv436/LAC/WCS (N.D. Fla.)). The court denied the petition with prejudice in 2009, and the Eleventh Circuit Court of Appeals denied petitioner's subsequent motion for a certificate of appealability. (*Id., cert. of appealability denied*, case nos. 09-11200-H & 09-11550-H (May 28, 2009)). Petitioner filed the instant petition on December 13, 2010. (Doc. 1).

## DISCUSSION

### "Second or Successive" Habeas Corpus Application

Title 28 U.S.C. § 2244 provides: "*Before* a second or successive application. . .is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *accord* Rule 9, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007). A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that has not been previously authorized by order of an appellate court. *Burton*, 549 U.S. at 152-53, 157, 127 S.Ct. at 796, 799; *see Hubbard v. Campbell*, 379 F.3d 1245 (11th Cir. 2004) (district court correctly dismissed second or successive § 2254 petition for lack of subject matter jurisdiction, where petitioner failed to obtain the Eleventh Circuit's permission to file it). The appellate court "must determine that [the successive petition] presents a claim not previously raised that is sufficient to meet § 2254(b)(2)'s new-rule or actual innocence provisions" to warrant an order authorizing district court filing. *Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529-30, 125 S. Ct. 2641, 2646, 162 L. Ed. 2d 480 (2005)).

The court takes judicial notice of its own records[1] that confirm that on October 10, 2007, petitioner filed a § 2254 petition in the Northern District of Florida challenging the same conviction and sentence. (*See Howard v. McNeil*, case no. 3:07cv436/LC/WCS). The petition was denied with prejudice on January 16, 2009, because petitioner did not show the trial court's adjudication of his claims "resulted in a decision that was contrary to, or involved and unreasonable application of, clearly established Federal law. . ..." (*Id.*, docs. 25, 29). The district court denied petitioner's application for certificate of appealability on March 10, 2009. (*Id.*, doc. 49). The Eleventh Circuit likewise denied petitioner's motion for certificate of appealability and subsequent motion for reconsideration. (*See id.*, docs. 57, 59).

The record therefore establishes that the instant habeas petition is second or successive, and petitioner failed to obtain the requisite authorization from the Eleventh Circuit before filing the petition. This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. As petitioner did not have the requisite permission at the time of filing, a stay or extension should not be granted, and this case should be dismissed without prejudice to allow petitioner the opportunity to obtain such authorization <u>before</u> filing a petition in this court.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Petitioner must still file a timely notice of appeal, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

---

[1] The court has the authority to take judicial notice of its own documents. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

*Case No: 3:10cv524/LAC/MD*

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1. Respondent's motion to dismiss as impermissibly successive (doc. 8) be GRANTED.

2. Petitioner's § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

3. That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 29th day of March, 2011.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**